IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD WILLIAMS, B80477, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSHUA PARKER )<br>and DANIEL MONTI, )<br>)<br>Defendants. ) | Case No. 25-cv-00004-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edward Williams, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Centralia Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 against two officers at Centralia who allegedly failed to protect him from an inmate attack and retaliated against him, in violation of his rights under the First and Eighth Amendments. (Doc. 1, pp. 1-24). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and filter out portions that are legally frivolous or malicious, fail to state any claim for relief, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-24): Plaintiff informed Internal Affairs Officer Joshua Parker on July 2, 2024 that he was attacked and almost killed at Western Illinois Correctional Center by his cellmate, Inmate Robinson, on March 18, 2022. Plaintiff explained that Inmate Robinson assaulted him after smoking drugs and becoming angry that Plaintiff was accused of having sex with an underage female. *Id*. at 15. Plaintiff expressed concern about his placement at Centralia with Inmate Carter, who also smoked

1

drugs five or six times per day. Officer Parker asked Plaintiff if he felt safe. Plaintiff confirmed that he did at that time. However, he generally worried about the dangers posed by a cellmate who smokes drugs. Officer Parker told Plaintiff to report any attempts by Inmate Carter to hurt him, and he promised to move the cellmate to another housing unit if this occurred. *Id*.

Plaintiff reported a threat of physical harm by Inmate Carter on August 15, 2024. In a letter to Officer Parker, Plaintiff explained that he found Inmate Carter sitting on Plaintiff's bed smoking drugs. Plaintiff told his cellmate that he didn't like anyone sitting on his bed or smoking drugs, and Inmate Carter responded by threatening to physically harm him. Plaintiff requested that the two inmates be separated for his safety, but he received no response in the following week. He then wrote to Warden Monti, but again received no response. His cellmate was not moved. *Id*.

On September 1, 2024, Plaintiff filed an emergency grievance to request protection from his cellmate. Warden Monti marked it as an emergency on September 3, 2024, and forwarded it to a grievance officer on September 4, 2024. The matter was referred to internal affairs for further investigation. Following review by internal affairs, the grievance officer recommended denying the grievance, based on internal affairs' interview of Plaintiff two months earlier. *Id*. at 10-11, 15. Warden Monti concurred with this decision on September 4, 2024. *Id*. at 10.

On September 9, 2024, Inmate Carter attacked Plaintiff. The inmate became upset with Plaintiff for washing his face and chest in the cell before he left for work at 4:40 a.m. Inmate Carter complained to a correctional officer, who said that Plaintiff had no other option for bathing at that time. Inmate Carter nevertheless threatened to harm Plaintiff if he washed himself without using a privacy sheet. As he said this, Inmate Carter lunged at Plaintiff and screamed, "I am a certified gangster[,] and you are a rapist." *Id*. at 16. Inmate Carter then climbed up to his top bunk and threw a punch at Plaintiff, knocking out three bottom teeth. *Id*. Plaintiff returned two punches

2

and hit Inmate Carter in his left eye and head. *Id*.

Plaintiff then exited his cell and reported the incident to the same correctional officer, who asked him to meet with Lieutenant Mana and Officer Whelm.[1] *Id*. at 17. Plaintiff complied. Following this meeting, Plaintiff was placed in handcuffs and escorted to the prison's health care unit for medical treatment before going to segregation. He was released from segregation ten days later, after appearing before the adjustment committee and receiving 1 month of C grade, commissary restriction, and phone restriction. Plaintiff then transferred to several different cells, including a cell with Inmate Jeremiah (3 days) and Inmate Jones (2 days) who also smoked K2 and "The Order." *Id*. When he complained, Plaintiff was moved into a cell with an older inmate who does not smoke or use drugs. *Id*.

## Discussion

The Court designates the following claims in the *pro se* Complaint:

**Count 1:**   Eighth Amendment claim against Defendants Parker and Monti for failing to intervene and protect Plaintiff from an attack by Inmate Carter on or around September 9, 2024.

**Count 2:**   First Amendment retaliation claim against Defendants Parker and Monti.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must take reasonable steps to ensure the safety of inmates, including steps to protect inmates from

---

[1] Lieutenant Mana, Officer Whelm, and the correctional officer are not identified as defendants, and Plaintiff brings no claims against them.

violence at the hands of other inmates. *Id*. at 833; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). When a plaintiff brings a claim against prison officials for failing to protect him from harm, the plaintiff must set forth allegations demonstrating that he was incarcerated under conditions posing a substantial risk to his health or safety, and each defendant responded with deliberate indifference. *Id*. The plaintiff must identify a specific, impending, and substantial threat to his safety that each defendant disregarded. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff's allegations suggest that Inmate Carter posed a specific, impending, and significant threat to Plaintiff's safety and that Officer Parker and Warden Monti disregarded this risk when they ignored Plaintiff's letters in August 2024 and ultimately denied his emergency grievance in September 2024 before he was attacked September 9, 2024. Therefore, Count 1 will proceed against both defendants.

### Count 2

To state a colorable claim of retaliation under the First Amendment, a plaintiff must set forth allegations suggesting that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter future First Amendment activity; and (3) his First Amendment activity was "at least a motivating factor" in each defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation omitted). Plaintiff has not described any protected activity that served as a motivating factor in either defendant's decision to retaliate against him. He merely indicates that the defendants retaliated. This conclusory assertion is unsupported by factual allegations that describe a plausible claim of retaliation against either defendant. As such, Count 2 does not survive screening and will be dismissed without prejudice for failure to state a claim.

### Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will

receive further review against Defendants **JOSHUA PARKER** and **DANIEL MONTI**, and **COUNT 2** is **DISMISSED** without prejudice against **BOTH DEFENDANTS** for failure to state a claim.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendant **JOSHUA PARKER** and **DANIEL MONTI:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 19, 2025**

> s/ *Staci M. Yandle*
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**